Middleton, J.
Inasmuch as this ordinance does not contemplate the creation of a debt outside of and beyond the one per cent tax limitation, the only substantial question involved is the power of the municipality to issue bonds and expend public funds for the acquisition, maintenance, and operation of off-street parking facilities.
As was true in the companion case, a demurrer to the petition was filed and the case was argued and submitted by agreement of counsel that the case would be disposed of with finality upon ruling on the demurrer. Does the petition in the instant case, which incorporates the full text of the ordinance in question, state a cause of action for the .granting of a writ of mandamus against the respondents who are' alleged to have refused to have the bonds and coupons prepared and executed, to sell the same, and to deposit the proceeds in the city treasury in the fund to be designated “off-street parldng facilities, fund No. 1,” as directed in the ordinance?
It is obvious that in passing this ordinance the coun *103 cil of the city of Columbus relied upon the- power presumably granted to the city by Sections 3939-2 and 3939-3, General Code. The ordinance does not recite in detail the conditions existing in the city of Columbus which, in the judgment of the council, necessitate the acquisition and operation of off-street parking facilities and which indicate that a public municipal purpose is being served by incurring the debt and making the proposed éxpenditure of public funds-. The ordinance does, however, in general' language state the recognition of the necessity of acquiring off-street parking facilities “in order to alleviate to some extent the tremendously congested traffic conditions existing in this city.”
Assuming that the power of the city to pass' this ordinance and to carry it into operation is not derived from Sections 3939-2 and 3939-3, General Code, as held in the companion case, but is derived directly from the Constitution of Ohio, the sufficiency of this petition might be questioned when it is tested by demurrer. It is to be noted, however, that some three months after the passage of this ordinance the city council passed ordinance No. 88-51, which is involved in case No. 32609 and which ordinance provides for the issuance of mortgage revenue bonds as above stated. The two ordinances were designed'to solve the same problem and the two cases testing the ordinances have been argued and considered together in this court.. In case No. 32609 this court has this day held that the council of the city of Columbus sufficiently established the existence of a public necessity, and that a public municipal purpose is to be served in purchasing, maintaining, and operating off-street parking facilities. Consequently, this court held that the issuance of mortgage revenue bonds to finance such acquisition and operation is within the powers of the municipality. The factual situation which justifies the action pro *104 posed in ordinance No. 88-51 likewise supports ordinance No. 932-50. Inasmuch as the two ordinances were discussed and submitted to this court in what amounts to a single proceeding, we are disposed to consider the sufficiency of the petition in case No. 32629 as governed by our judgment as to the sufficiency of the petition in case No. 32609.
We, therefore, hold that the petition in the instant case, to wit, No. 32629, is not demurrable. The demurrer is overruled.

Demurrer overruled and writ allowed. ■

Weygandt, C. J., Zimmerman, Stewart, Taet, and Hart, JJ., concur.
Matthias, J., concurs in the judgment.